FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01388-BNB

VLADIMIR GUNIN,

    Plaintiff,

v.

DANA NICKHOLS, and
MICHAEL WILLIAMS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Vladimir Gunin, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him. Mr. Gunin seeks injunctive relief.

Mr. Gunin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Gunin*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution

and laws of the United States while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Gunin's filings liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not be an advocate for a ***pro se*** litigant. ***See id.*** For the reasons set forth below, the complaint and the action will be dismissed.

As noted above, Mr. Gunin alleges that his constitutional rights were violated during the course of his state court criminal proceedings. He specifically alleges that he signed a plea agreement indicating that he would receive a five-year sentence but that the trial court actually sentenced him to twenty-four years. Mr. Gunin argues that he does not understand English and that the court interpreter incorrectly explained the terms of the plea agreement to him. He further asserts that the police investigation of his case was flawed and inaccurate and that he received ineffective assistance of counsel. As relief, Mr. Gunin states that he seeks "professional assistance from the U.S. District Court, triumphing justice in my crime with jury trial, because I had signed plea agreement for 5 years, but I got 24 years." Complaint at 8.

Mr. Gunin's claims pursuant to 42 U.S.C. § 1983 will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Although Mr. Gunin does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Gunin's allegations, i.e., ineffective assistance of counsel and a flawed police investigation, his request for injunctive relief necessarily implies the invalidity of his conviction or sentence. *Lawson*, 67 Fed. Appx. at 526 n.2 (citing *Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas

3

corpus petitions and not under § 1983"). Success on Mr. Gunin's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, see *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, see § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14. Moreover, the Court notes that Mr. Gunin currently has a habeas corpus action brought pursuant to 28 U.S.C. § 2254 pending in this Court. See *Gunin v. Milyard, et al.*, 11-cv-1387-BNB. In that habeas corpus action, Mr. Gunin brings the same claims for relief as those asserted here. Therefore, this action is both barred by the rule in *Heck* and as repetitive. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 23rd day of     June          , 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01388-BNB

Vladimir Lukyanovich Gunin
Prisoner No. 127126
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk